UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ROBERT PATRICE,

    Plaintiff,

v.

EXPRESS SERVICES, INC. d/b/a
EXPRESS EMPLOYMENT PROFESSIONALS,
a foreign corporation and GRASSFIRE, LLC, a foreign
limited liability company,

    Defendants.

_____/

**COMPLAINT**

Plaintiff, ROBERT PATRICE (hereinafter, "PATRICE" or Plaintiff), by and through her undersigned attorney, hereby files this Complaint against EXPRESS SERVICES, INC. d/b/a EXPRESS EMPLOYMENT PROFESSIONALS ("ESI") and GRASSFIRE, LLC ("GRASSFIRE") and says:

**JURISDICTION AND VENUE**

1.    This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act"), and Florida common law.

2.    This Court has jurisdiction of the claims asserted in this complaint pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.    Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's

claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

## **PARTIES**

5. Plaintiff is a citizen and resident of the Southern District of Florida, over the age of eighteen years and otherwise *sui juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a Regional Director of Training. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e) and was regularly engaged in commerce.

6. Defendant ESI is a foreign corporation organized and existing under and by virtue of the laws of Colorado with its principal place of business in Oklahoma City, Oklahoma. Defendant ESI has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant GRASSFIRE is a foreign corporation organized and existing under and by virtue of the laws of Wyoming with its principal place of business in Cheyenne, Wyoming. Defendant GRASSFIRE has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. ESI is a staffing company that contracted with GRASSFIRE to supply labor to perform services for the benefit of GRASSFIRE. GRASSFIRE is a company that conducts canvassing operations on behalf of entities seeking change in political policies such as casino gambling and the legalization of marijuana.

9. ESI employed Plaintiff during the relevant period as a staffing agency.

10. GRASSFIRE is Plaintiff's punitive employer in that all service performed were for the benefit of GRASSIFRE.

11. At all times relevant hereto, Defendants were covered employers under the FLSA 29 U.S.C. §§ 203(d) and (s)(1) in that they had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce and therefore has employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

13. Defendants upon knowledge and belief, have gross revenue which exceeds $500,000 for the years 2021 and 2022, and utilizes goods in the flow of commerce across state lines. Defendants are therefore covered as "enterprises" as defined by the FLSA, 29 U.S.C. § 203(s).

14. Plaintiff was an employee covered by the FLSA in that he was employed by Defendants to perform various job functions related to canvassing. He is therefore an "employee" under 29 U.S.C. § 203(e).

15. This case is brought under 29 U.S.C. § 216(b) and Florida common law for unpaid wages. Defendants employed Plaintiff who was not paid bonuses nor overtime for work performed in excess of 40 hours per week from the filing of this complaint, back three years.

## GENERAL ALLEGATIONS

16. Plaintiff worked for Defendants from July 1, 2021 to November 7, 2021.

17. During his employment, Plaintiff was assigned various tasks from training to recruiting direct hires for GRASSIFRE and finding gas stations that would permit GRASSFIRE employees to canvas on their premises seeking signatures on petitions for various purposes such as casino gambling and marijuana legalization.

18. Plaintiff performed services for Defendants for which he was not paid overtime wages for all hours that he worked and he was not paid his earned bonuses.

19. Plaintiff was a non-exempt employee of Defendants, subject to the payroll practices and procedures set forth hereinafter, who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

20. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201-219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

21. Plaintiff worked between approximately sixty (60) and sixty-five (65) hours per week for approximately four (4) month when he was employed by Defendants.

22. Plaintiff was paid for 40 hours per week at a rate of $23-$30 per hour.

23. Plaintiff was paid only straight time and no overtime.

24. At the beginning of his employment, Plaintiff was paid hourly.

25. At some point during his employment, Defendants began paying Plaintiff a weekly sum of $1,200.

26. Diana Watt, at GRASSFIRE, would not permit Plaintiff to clock in and clock out because Plaintiff was paid by ESI despite GRASSFIRE having a timekeeping system in place.

27. Watt clocked Plaintiff in for only forty (40) hours per week even though he worked sixty (60) to sixty-five (65) hours per week.

28. In addition to regularly working sixty (60) to sixty-five (65) hours per week, Plaintiff worked an additional fifteen (15) hours one week in July 2021 filming a commercial and a training video for GRASSFIRE.

29. The videos had to be filmed over the weekend when no other employees were present.

30. Plaintiff was also promised bonuses on top of his hourly rate of pay.

31. Plaintiff was to be paid $2000 per commercial and training video that he filmed for the benefit of GRASSFIRE.

32. During his employment with Defendants, Plaintiff filmed one commercial and one training video.

33. Plaintiff was to be paid $200 per gas station Plaintiff signed up for GRASSFIRE plus $100 for every month the gas station permitting canvasing.

34. During his employment with Defendants, Plaintiff obtained twelve (12) gas stations and each gas station allowed canvasing for an additional two (2) to (3) months.

35. Plaintiff was to be paid $100 per direct hire procured by Plaintiff.

36. During his employment with Defendants, Plaintiff procured fourteen (14) direct hires for GRASSFIRE.

37. Plaintiff was to be paid $0.50 for each petition collected by the direct hires procured by Plaintiff.

38. During his employment with Defendants, the direct hires collected over 200 petitions.

39. Plaintiff was to be reimbursed for his mileage at a rate of $0.50 per mile and was promised four (4) $150 gas cards to reimburse him for gas used while employed by Defendant.

40. During his employment with Defendants, Plaintiff drove about 600 miles per week over the course of four (4) months.

41. Plaintiff was not paid his duly earned bonuses and was not reimbursed for his gas expenses and mileage.

42. Plaintiff is entitled to his reasonably attorneys' fees and costs if he is the prevailing party in this action.

### COUNT I: VIOLATION OF FLSA / OVERTIME
### (AGAINST ALL DEFENDANTS)

43. Plaintiff re-alleges and re-avers paragraphs 1-42 as fully set forth herein.

44. Since the beginning of Plaintiff's employment, Defendants willfully violated the provisions of §7 of the Act [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at a rate not less than one and one half times the regular rates for which they were employed.

45. Plaintiff worked between approximately sixty (60) and sixty-five (65) hours per week in the approximately four (4) month he was employed by Defendants.

46. Plaintiff also worked an additional fifteen hours one week to create a commercial and a training video for Grassfire in July 2021.

47. Defendants have knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

48. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

49. Defendants refused to pay Plaintiff at a rate of time and one-half his regular rate.

50. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

51. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

WHEREFORE, Plaintiff requests judgment for:

a. Actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 260;

d. Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

e. Such other relief as the Court deems just and proper.

## COUNT II: UNPAID WAGES
## (AGAINST ALL DEFENDANTS)

52. Plaintiff re-alleges and re-avers paragraphs 1-42 as fully set forth herein.

53. Plaintiff and Defendants entered into a compensation agreement whereby Plaintiff was to perform services in exchange for payment from Defendants.

54. Plaintiff was to be paid $23-$30 per hour during his employment with Defendants.

55. Plaintiff worked between approximately sixty (60) and sixty-five (65) hours per week in the approximately four (4) month he was employed by Defendants.

56. Plaintiff also worked an additional fifteen hours one week to create a commercial and a training video for GRASSFIRE in July 2021.

57. Plaintiff was only paid forty (40) hours per week.

58. Plaintiff is owed wages for twenty (20) to twenty-five (25) hours per week for each week of his four (4) month employment plus an additional fifteen (15) hours for the week in July 2021, when Plaintiff filmed the commercial and training videos for GRASSFIRE.

59. In addition to his hourly pay, Plaintiff was to be paid bonuses when he met certain benchmarks.

60. Plaintiff was to be paid a bonus of $100 per direct hire procured for GRASSFIRE; $.50 for each petition the direct hires collected; and $200 per gas station Plaintiff signed up for GRASSIFRE plus $100 for every month the gas station permitting canvasing.

61. Plaintiff was also to be paid a bonus of $2000 per video made for the benefit of GRASSFIRE.

62. During his employment with Defendants, Plaintiff filmed two video for GRASSFIRE; obtained twelve gas stations that allowed canvasing for an additional two or three months; procured fourteen direct hires for GRASSFIRE; and those direct hires collected over 200 petitions.

63. In addition, Plaintiff was to be reimbursed for gas at a rate of $.50 per mile and was promised four $150 gas cards to use for gas while employed by Defendants.

64. Plaintiff drove more than 600 miles per week during his four (4) month employment.

65. Defendants have not paid Plaintiff his duly earned bonuses nor his reimbursements for gas and miles driven.

66. Plaintiff reasonably estimates that he is owed at least $11,500 in bonuses and $5,800 in gas and mileage plus unpaid wages to be determined.

WHEREFORE, Plaintiff requests judgment for:

   a. Unpaid wages less any amount shown as actually paid;

   b. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

   c. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, ROBERT PATRICE, hereby demands a trial by jury on all issues and counts so triable contained herein.

Dated: November 1, 2022.

        **LAW OFFICES OF CHARLES EISS, P.L.**
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 112
        Plantation, Florida 33324
        (954) 914-7890 (Office)
        (855) 423-5298 (Facsimile)

By: /s/ Charles Eiss
     CHARLES M. EISS, Esq.
     Fla. Bar #612073
     chuck@icelawfirm.com
     SHANNA WALL, Esq.
     Fla. Bar #0051672
     shanna@icelawfirm.com
     JORGE GONZALEZ, Esq.
     Fla. Bar. #1038146
     jorge@icelawfirm.com